**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOSEPH R. TOMELLERI, <br><br>*Plaintiff*, <br><br>v. <br><br>NATIONAL GEOGRAPHIC SOCIETY <br><br>*Defendant*. | Civil Action No: 1:19-cv-03720-ABJ |

**NATIONAL GEOGRAPHIC SOCIETY'S STATEMENT OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND ................................................................................................2

III. STANDARD OF REVIEW ...................................................................................................3

IV. ARGUMENT .........................................................................................................................5

    A. PLAINTIFF'S ALLEGATIONS IN COUNT II FAIL TO STATE A CLAIM BECAUSE THEY ARE FORMULAIC RECITATIONS OF THE ELEMENTS OF DMCA CLAIMS SUPPORTED BY MERE CONCLUSORY STATEMENTS. ............................................................................5

        1. Plaintiff Has Failed to Plead the Requisite Mental State Required under Both 17 U.S.C. §§ 1202(a) and (b). ..................................................6

        2. Plaintiff Fails to Sufficiently Plead That Plaintiff's Works Were Accompanied by CMI and That NGS Removed CMI as Required by 17 U.S.C. § 1202(b). ..............................................................................9

        3. Plaintiff Fails to Sufficiently Plead That Defendant Conveyed False CMI as Required by 17 U.S.C. §1202(a)...................................................10

    B. COUNT II SHOULD BE DISMISSED WITH PREJUDICE GIVEN THAT ANY AMENDMENT IS FUTILE. .........................................................11

V. CONCLUSION....................................................................................................................12

i

# **TABLE OF AUTHORITIES**

*Per LCvR 7(a), asterisks designate the cases and authorities on which counsel chiefly relies.*

**Page(s)**

**Cases**

*\*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................... passim

*\*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................... passim

*Browning v. Clinton*,
   292 F.3d 235 (D.C. Cir. 2002) ....................................................................................4, 7

*\*Chevrestt v. Am. Media, Inc.*,
   204 F. Supp. 3d 629 (S.D.N.Y. 2016) .........................................................................7, 8

*\*Design Basics, LLC v. WK Olson Architects, Inc.*,
   No. 17 C 7432, 2019 WL 527535 (N.D. Ill. Feb. 11, 2019) .........................................11

*\*Drauglis v. Kappa Map Grp., LLC*,
   128 F. Supp. 3d 46 (D.D.C. 2015) ..........................................................................5, 6, 9

*EEOC v. St. Francis Xavier Parochial Sch.*,
   117 F.3d 621 (D.C. Cir. 1997) ........................................................................................4

*\*Free Speech Sys., LLC v. Menzel*,
   390 F. Supp. 3d 1162 (N.D. Cal. 2019) ......................................................................6, 9

*Gustave-Schmidt v. Chao*,
   226 F. Supp. 2d 191 (D.D.C. 2002) ................................................................................4

*Kowal v. MCI Comms. Corp.*,
   16 F.3d 1271 (D.C. Cir. 1994) ....................................................................................4, 7

*Krechmer v. Tantaros*,
   747 F. App'x 6 (2d Cir. 2018) ........................................................................................6

*\*Mills v. Netflix, Inc.*,
   No. CV197618CBMAGRX, 2020 WL 548558 (C.D. Cal. Feb. 3, 2020) ..................7, 8

*Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
   975 F. Supp. 2d 920 (N.D. Ill. 2013) ..............................................................................9

*Philpot v. Alternet Media, Inc.*,
   No. 18-CV-04479-TSH, 2018 WL 6267876 (N.D. Cal. Nov. 30, 2018) ..................................6

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ..................................................................................................6

*William Loveland Coll. v. Distance Educ. Accreditation Comm'n*,
   347 F. Supp. 3d 1 (D.D.C. 2018) ...........................................................................................4

*Workagegnehu v. Washington Metro. Area Transit Auth.*,
   373 F. Supp. 3d 110 (D.D.C. 2019) ....................................................................................4, 8

**Statutes**

*17 U.S.C. § 1202 ............................................................................................................... *passim*

**Other Authorities**

*Fed. R. Civ. P. 12(b)(6) ..................................................................................................... *passim*

National Geographic Society ("**NGS**") respectfully requests that the Court dismiss with prejudice Count II of Plaintiff Joseph R. Tomelleri's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**I.     INTRODUCTION**

Since June 2019, Plaintiff Joseph R. Tomelleri ("**Plaintiff**") has filed 49 lawsuits for claims of copyright infringement and/or violation of the Digital Millennium Copyright Act ("**DMCA**") against various defendants, including small mom and pop stores, states and state agencies, including the Maryland Department of the Environment, the states of Kentucky and Alaska, the federal government, associations, and non-profit organizations like NGS.  Many of these complaints recite virtually an identical template and all of them seek monetary recovery. However, as is apparent from a cursory review of the Complaint, many of Plaintiff's allegations fall far short of the federal pleading requirements, particularly as those allegations relate to Count II of the Complaint for violations of the DMCA, which provides for statutory damages awards up to $25,000 per violation.

To prevail on the DMCA claims alleged in Count II, Plaintiff would have to plead sufficient factual matter to plausibly demonstrate that NGS knowingly, and with the intent to conceal or further any infringement, removed copyright management information ("**CMI**") and provided infringing works with false CMI.  But Plaintiff's allegations under Count II are conclusory and threadbare recitations of the elements of DMCA claims and lack any factual support for each of the required *prima facie* elements of these claims.

Here, where NGS' allegedly infringing work included a hyperlink to the original work that included an attribution to Plaintiff, where Plaintiff cannot even plead that his original works are accompanied by CMI in all instances, such that CMI could even be removed, and where the

1

allegedly infringing work on its face contains no CMI, Plaintiff cannot meet the pleading standard and Count II of the Complaint must be dismissed without leave to amend.

## II.     FACTUAL BACKGROUND

Plaintiff filed his Complaint for copyright infringement and violations of the DMCA on December 13, 2019.  He claims that National Geographic Society ("**NGS**") reproduced and displayed six of his illustrations of fish "in a news article on the 'voices blog' regarding an expedition to find freshwater fish." (Compl. at ¶¶ 29-30.)  Plaintiff also claims that NGS removed his CMI from the illustrations and provided false CMI in its place.  (Compl. ¶¶ 36-42.) But beyond these cursory statements, Plaintiff's Complaint fails to provide any details on the factual underpinnings for these allegations.  For example, Plaintiff has not identified the particular CMI that NGS allegedly removed, nor has Plaintiff identified what false CMI NGS allegedly provided in association with the illustrations.

Plaintiff's pleading failure is not surprising as NGS has not removed any CMI associated with any works owned by Plaintiff, nor has NGS provided any false CMI in connection with the illustrations.  Plaintiff's allegations of copyright infringement are based on NGS' purported use of Plaintiff's works in a blog post, attached as Ex. 1, regarding an expedition to find freshwater fish posted on its *Voices* blog.  (Compl. at ¶¶ 29-30.)  Although Plaintiff fails to include a copy of the blog post in its Complaint, it is incorporated by reference in the Complaint.  As is readily apparent from the blog post, NGS' alleged use of Plaintiff's works was based on an image of six fish illustrations that appeared on the cover of a United States Geological Survey ("**USGS**") report.[1]  This USGS report is also incorporated by reference in the Complaint, (Compl. at ¶¶ 38-39), and furthermore is a government publication of which this Court may take judicial notice.

---

[1] NGS' blog post containing the illustrations was originally posted on August 10, **2010**, nearly a decade before Plaintiff filed his Complaint.  Although the blog post is still online, it no longer contains the illustrations.

(*See* Exhibit 2, also attached to Request for Judicial Notice, ECF No. 13.)  As shown in Exs. 1 and 2, a hyperlink to USGS' website was below the image of the fish illustrations appearing in the blog post and this link contained a complete version of the USGS report, a report which identifies Plaintiff as the author of the cover illustration.  (Ex. 2 at 4.)

Plaintiff alleges that "upon information and belief" his typical CMI was present on or near each of the works at the time they were appropriated by NGS.  (Compl. at ¶ 35.)  However, Plaintiff fails to identify what that typical CMI was, what CMI was removed by NGS, and further fails to allege that all publications of his works were accompanied by CMI.  Indeed, at best, Plaintiff only alleges that CMI is "typically" provided in connection with the works and that CMI "may be" provided in metadata.  (Compl. at ¶¶ 20-24.)  Nor has Plaintiff identified what false CMI NGS conveyed in connection with the illustrations.  As shown in Ex. 1, NGS provided a hyperlink to the USGS site where the USGS report is located and stated "illustration courtesy of USGS."  The hyperlink directed users to a complete version of the USGS report, which identifies Plaintiff as the author of the cover illustration on the fourth page of the report.  (Ex. 2 at 4.)

Finally, and importantly, Plaintiff has failed to allege how NGS knowingly and with the intent to induce, enable, facilitate or conceal infringement, provided allegedly false CMI or removed any CMI.  (Compl. at ¶ 42.)  Indeed, such pleading would be futile at best (and disingenuous at worst) as the NGS blog post depicted in Ex. 1 provides a hyperlink to the original work in which Plaintiff is provided attribution and authorship credit.

### III.   STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

3

(2007)).  A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

Although the plausibility standard is not a "probability requirement," it requires more than a mere possibility that a defendant acted unlawfully.  *Id.* (quoting *Twombly*, 550 U.S. at 556).  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.* (quoting *Twombly*, 550 U.S. at 555), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also William Loveland Coll. v. Distance Educ. Accreditation Comm'n*, 347 F. Supp. 3d 1, 11–12 (D.D.C. 2018), *aff'd*, 788 F. App'x 5 (D.C. Cir. 2019).

While the Court should provide the plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Comms. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), when considering a motion to dismiss under Rule 12(b)(6), the Court should not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *Workagegnehu v. Washington Metro. Area Transit Auth.*, 373 F. Supp. 3d 110, 115–16 (D.D.C. 2019) (citing *Kowal*, 16 F.3d at 1276; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)).  When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)).

IV. ARGUMENT

Count II of Plaintiff's Complaint fails to state a claim upon which relief can be granted under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, ("**DMCA**") because it falls far short of the federal pleading standards outlined in *Iqbal* and *Twombly*. Plaintiff's allegations arising under the DMCA are conclusory and threadbare recitations of the elements of DMCA claims and lack any factual support that could carry Plaintiff's burden of demonstrating plausibility for each of the required *prima facie* elements of these claims. Moreover, permitting Plaintiff to amend Count II of his Complaint would be futile as NGS did not provide false copyright management information ("**CMI**") in connection with its use of the illustrations appearing on the USGS cover, nor did NGS remove any CMI associated with the illustrations appearing on the USGS cover, as no CMI appeared in close proximity to the work. Finally, as NGS' blog post included a hyperlink to the USGS article that contained attribution to Plaintiff, Plaintiff cannot plead that NGS did anything with the intent to conceal or further any infringement.

For these reasons, Count II of Plaintiff's Complaint should be dismissed with prejudice in its entirety.

    A.    **PLAINTIFF'S ALLEGATIONS IN COUNT II FAIL TO STATE A CLAIM BECAUSE THEY ARE FORMULAIC RECITATIONS OF THE ELEMENTS OF DMCA CLAIMS SUPPORTED BY MERE CONCLUSORY STATEMENTS**.

The claims in Count II of the Complaint arise under 17 U.S.C. § 1202(a) and (b). To state a claim under 17 U.S.C. § 1202(a), a plaintiff must allege that the defendant (1) **knowingly**, (2) and **with the intent to induce, enable, facilitate, or conceal infringement**, (3) either (a) **provided false copyright management information** or (b) **distributed false copyright management information**. *Drauglis v. Kappa Map Grp., LLC*, 128 F. Supp. 3d 46, 59 (D.D.C.

5

2015). To state a claim under 17 U.S.C. § 1202(b), a plaintiff must allege that a defendant, (1) without the plaintiff's permission, (2) **intentionally removed copyright management information** (3) **knowing or having reasonable grounds to know** (4) **that the defendant's actions will induce, enable, facilitate, or conceal infringement arising under the DMCA**.[2] *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1174 (N.D. Cal. 2019). 17 U.S.C. § 1202(c) defines "copyright management information" ("**CMI**") for purposes of §§ 1202(a)-(b) as eight categories of information "conveyed in connection with" a work, including identifying information concerning the title of the work and the author or copyright owner of the work, among other things. *See Drauglis*, 128 F. Supp. 3d at 59.

### 1. Plaintiff Has Failed to Plead the Requisite Mental State Required under Both 17 U.S.C. §§ 1202(a) and (b).

To survive a motion to dismiss a DMCA claim arising under either 17 U.S.C. § 1202(a) or (b), a plaintiff "must plead facts plausibly showing that the alleged infringer had [the] required mental state." *Free Speech Sys.*, 390 F. Supp. 3d at 1175 (citing *Philpot v. Alternet Media, Inc.*, No. 18-CV-04479-TSH, 2018 WL 6267876, at *5 (N.D. Cal. Nov. 30, 2018)); *accord Iqbal*, 556 U.S. at 678; *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018) ("In order to plead a violation of § 1202(a), plaintiff thus must plausibly allege that defendant knowingly provided false copyright information and that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement. Plaintiff does not set forth any factual basis for pleading this double scienter requirement."); *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018) ("[A] plaintiff bringing a Section 1202(b) claim must make an affirmative showing, such as by demonstrating a past 'pattern of conduct' or 'modus operandi', that the defendant was aware or

---

[2] Plaintiff's Complaint only alleges that NGS "intentionally removed" Plaintiff's alleged CMI as the basis for his claim under 17 U.S.C. § 1202(b).

6

had reasonable grounds to be aware of the probable future impact of its actions" to prevail at summary judgment).

Plaintiffs should also state the factual basis for any allegations made on information and belief. *Mills v. Netflix, Inc.*, No. CV197618CBMAGRX, 2020 WL 548558, at *3 (C.D. Cal. Feb. 3, 2020) ("The FAC fails to include 'specific allegations as to how identifiable infringements 'will' be affected' by Defendants' alleged removing or altering of CMI, does not allege a pattern of conduct demonstrating Defendants knew or had reason to know their actions would cause future infringement, and fails to allege non-conclusory facts that Defendants intended to induce infringement by allegedly removing or altering any CMI."); *Chevrestt v. Am. Media, Inc.*, 204 F. Supp. 3d 629, 632 (S.D.N.Y. 2016) (granting motion to dismiss where complaint contained no factual allegations supporting "an inference that [defendant's] CMI alteration or removal was done intentionally," "such as showing that [the defendant] was confronted or otherwise made aware of its allegedly infringing action.").  Without further factual support, conclusory allegations based solely upon "information and belief" that attempt to provide the basis for the scienter requirements under the DMCA claims are impermissible inferences or legal conclusions that the Court should not accept. *See Kowal*, 16 F.3d at 1276; *Browning*, 292 F.3d at 242.

Count II of Plaintiff's Complaint suffers from these same deficiencies.  Although Plaintiff in conclusory fashion states that NGS intentionally removed CMI and intentionally attributed the work to USGS or NGS, the Complaint fails to state how any of NGS' activities were done intentionally to conceal any infringement or how such activities were undertaken to conceal or otherwise impact future infringements.  (Compl. ¶¶ 36-42.)

7

Comparing Count II of the Complaint against the alleged factual support for Count II reveals the conclusory nature of Plaintiff's scienter allegations, as well as their complete lack of specificity, particularity, or plausibility:

| Count II of Plaintiff's Complaint | Factual Support |
|---|---|
| ¶51. Defendant has intentionally removed such copyright management information from Plaintiff's Works, without permission in violation of 17 U.S.C. § 1202(b).<br><br>¶52. Defendant has knowingly and intentionally provided copyright management information for Plaintiff's Works that is false and has distributed copyright management information for Plaintiff's Works that is false in violation of 17 U.S.C. § 1202(a).<br><br>¶53. Defendant has provided and distributed such false copyright management information with the intent to conceal their own infringement of the Works and induce, enable, and facilitate others' infringement of the Works. | ¶37. Upon information and belief, Defendant intentionally removed all of Plaintiff's copyright management information which was previously present on and near each of the Works.<br><br>¶39. Upon information and belief, Defendant intentionally affixed [its own CMI], attributing the Works to USGS or Defendant.<br><br>¶41. Upon information and belief, Defendant knew such copyright management information was false.<br><br>¶42. Upon information and belief, Defendant provided such false copyright management information to conceal their own infringement. |

The factual support for Count II's allegations merely parrots the elements of Plaintiff's two DMCA claims. They are a paradigmatic "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Plaintiff likewise cannot rely on "information and belief" without providing *any* corroborating factual support for its "information and belief," *Mills*, 2020 WL 548558 at *3; *Chevrestt*, 204 F. Supp. 3d at 632, as unsupported information and beliefs about NGS' state of mind do not raise Plaintiff's claims above a mere possibility that he is entitled to relief. *Iqbal*, 556 U.S. at 678. As a result, Plaintiff's allegations concerning the multiple scienter elements of his DMCA claims are legal conclusions which the Court should not consider. *Workagegnehu*, 373 F. Supp. 3d at 115–16.

Taken together, Plaintiff's allegations in Count II fall short of the plausibility standard articulated by *Iqbal* and *Twombly*. In fact, Plaintiff's allegations are textbook demonstrations of *Iqbal* and *Twombly*'s warnings how *not* to plead to survive a motion to dismiss. Accordingly, in view of Plaintiff failure to adequately plead the scienter requirements under 17 U.S.C. §§ 1202(a) and (b), Count II of the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

>   **2.    Plaintiff Fails to Sufficiently Plead That Plaintiff's Works Were Accompanied by CMI and That NGS Removed CMI as Required by 17 U.S.C. § 1202(b)**.

In addition to the scienter requirements discussed above, to state a claim under 17 U.S.C. § 1202(b), a plaintiff must sufficiently plead that a defendant intentionally removed or altered copyright management information. Here, Plaintiff has not alleged that NGS altered CMI. The Complaint only includes bald allegations that NGS removed CMI, but Plaintiff has failed to identify what specific CMI was allegedly removed by NGS. The Complaint does not even allege that CMI is always associated with each and every publication of Plaintiff's works. (Compl. at ¶¶ 20-24.) At best, Plaintiff only alleges that such CMI "typically" or "may accompany" its works. (Compl. at ¶¶ 20-24.) But here, it is clear that no CMI associated with Plaintiff's works appears on the cover of the USGS report.[3] (Ex. 2.) These allegations cannot withstand scrutiny under *Iqbal* and *Twombly*. *See Free Speech Sys.*, 390 F. Supp. 3d at 1175 ("[The Court] agree[s] that because [plaintiff] has merely alleged that his photographs 'were altered to remove certain of

---

[3] To the extent Plaintiff may argue that the credit "Cover fish plate artwork: *Joseph R. Tomelleri*" appearing on page 4 of Ex. 2 constitutes CMI under 17 U.S.C. § 1202(c) that was conveyed in connection with the work and was removed, this Court has found that a plaintiff cannot base DMCA claims on CMI "that was not displayed on or with the allegedly copied works" as "[s]uch a rule prevents a 'gotcha' system where a picture or piece of text has no CMI near it but the plaintiff relies on a general copyright notice buried elsewhere…" *See Drauglis*, 128 F. Supp. 3d at 59-60 (Berman Jackson, J.) (quoting *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 929 (N.D. Ill. 2013)). Furthermore, to the extent Plaintiff takes this position, NGS' hyperlink to the source of the illustrations would be viewed as providing correct CMI under this theory. Plaintiff cannot have it both ways.

[his] copyright management information' without providing any facts to identify which photographs had CMI removed or to describe what the removed or altered CMI was, he has not sufficiently stated a claim under Section 1202(b)(1) with respect to 'removal'…"). For this reason as well, Count II of Plaintiff's Complaint should be dismissed.

### 3. Plaintiff Fails to Sufficiently Plead That Defendant Conveyed False CMI as Required by 17 U.S.C. §1202(a).

Similarly, in addition to the scienter requirements, to state a claim under 17 U.S.C. § 1202(a), a plaintiff must sufficiently allege that a defendant provided or distributed false CMI. The Complaint alleges that NGS provided its own CMI, including that of USGS and its own copyright notice, (Compl. ¶ 38), but a cursory review of Ex. 1, the blog post in question, makes it clear that no such CMI was included. As is demonstrated by Ex. 1, the blog post does not provide any CMI, much less false CMI. The post includes artwork that appears on the cover of a USGS report and below the artwork is a hyperlink to the USGS report with the wording "illustration courtesy of USGS." Finally, page four of the USGS report provides attribution and authorship for the cover artwork on the USGS report to Plaintiff. (Ex. 2 at 4.) The allegedly infringing illustration in the blog post and the front cover of the USGS report are compared below:

| NGS *Voices* Blog Post (Exhibit 1) | USGS Report (Exhibit 2) |
|---|---|
|  | |

Plaintiff's allegation that NGS conveyed false CMI in connection with its blog post is entirely unfounded based upon review of the blog post and the USGS report. The blog post does not attribute authorship of the illustration to NGS or USGS and the hyperlink to the USGS report directs viewers to the full report that includes an attribution to Plaintiff. Such demonstrably false allegations cannot be facially plausible nor can they permit the court to draw any reasonable inference that NGS is liable for a violation of 17 U.S.C. § 1202(a). *See Iqbal*, 556 U.S. at 678. For this reason as well, Count II of Plaintiff's Complaint should be dismissed.

**B.    COUNT II SHOULD BE DISMISSED WITH PREJUDICE GIVEN THAT ANY AMENDMENT IS FUTILE**.

Courts may dismiss DMCA claims with prejudice when further amendment of the claims would be futile. *See Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2019 WL 527535, at *5 (N.D. Ill. Feb. 11, 2019). Further amendment of Plaintiff's claim here will be futile and for these reasons Count II should be dismissed with prejudice.

With respect to the scienter requirements under both 17 U.S.C. §§ 1202 (a) and (b), Plaintiff will not be able to sufficiently plead the intent requirement of those claims as the blog post, (Ex. 1), and the USGS report, (Ex. 2), demonstrate that NGS not only did not conceal any infringement, but, by use of the hyperlink, NGS intended to refer viewers to the original source of the published work, which included attribution to Plaintiff. (Ex. 2 at 4.) Similarly, Plaintiff will not be able to plead that any CMI was removed from the work at issue as Ex. 2 makes clear that the artwork used in the NGS blog post was obtained from the cover of a USGS report that did not contain any of Plaintiff's CMI in close proximity to the illustrations. Finally, Plaintiff will not be able to plead that NGS conveyed false CMI as the blog post in Ex. 1 demonstrates that NGS conveyed no false CMI and further, the USGS report at Ex. 2 hyperlinked in the blog post includes an attribution to Plaintiff. By providing readers with a link to the USGS report – an educational work in the public domain – NGS clearly directed readers to the source of the illustrations, a source that contains copyright credit to Plaintiff.

As such, Plaintiff will not be able to amend his complaint to allege further facts that NGS removed his CMI or provided false CMI, let alone that NGS did so with the requisite states of mind to raise his DMCA claims to the plausibility standard of *Iqbal* and *Twombly*. For these reasons, permitting Plaintiff to amend Count II of his Complaint would be futile and Count II of the Complaint should be dismissed with prejudice.

## V.   CONCLUSION

For the reasons set forth above, Defendant NGS respectfully requests that the Court dismiss with prejudice Count II of the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Dated: March 27, 2020 

Respectfully submitted,

HOGAN LOVELLS US LLP

/s/ *Anna Kurian Shaw*
Anna Kurian Shaw (DC Bar No. 465665)
David Martin Foster (DC Bar No. 497981)
Lauren C. Chamblee (DC Bar No. 1015058)
Brendan C. Quinn (DC Bar No. 1616841)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
anna.shaw@hoganlovells.com
david.foster@hoganlovells.com
lauren.chamblee@hoganlovells.com
brendan.quinn@hoganlovells.com

*Attorneys of Record for*
*National Geographic Society*